## (December 8, 1981)

■ In the Matter of BARBARA FRIEND, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. — Respondent was admitted to the Bar by this court on July 6, 1978. In this proceeding to discipline her for professional misconduct, she is charged with the following: On August 8, 1979, while employed as a confidential clerk and law assistant to a County Judge, she removed from the Judge's chambers, without permission or authority, a sealed Grand Jury report which she furnished to a newspaper reporter who she knew, or reasonably should have known, intended to make the contents of the sealed report public. Respondent admitted the factual allegations of the charge in her answer and requested an opportunity to be heard and to present proof in mitigation. Thereafter the proceeding was referred to a hearing Judge, who has filed a report in which he recommends that respondent be suspended from the practice of law for a period of two years for her misconduct. Petitioner moves to confirm the report, insofar as it sustains the charge of professional misconduct set forth in the petition. Respondent cross-moves to disaffirm that portion of the report which recommends that she be suspended for a period of two years. We have reviewed the evidence and given careful consideration to the circumstances urged in mitigation by respondent. However, as the hearing Judge noted in his report, the acts admitted by respondent involved a violation of section 215.70 of the Penal Law, which is currently a felony, and respondent was not prosecuted since she received immunity from the Broome County District Attorney. Under all the circumstances, we find that we are in agreement with the hearing officer's recommendation. Therefore, petitioner's motion is granted, respondent's cross motion is denied and we determine that respondent should be suspended from the practice of law for a period of two years and thereafter until further order of the court. Respondent suspended for a period of two years, the date of commencement to be fixed in the order to be entered hereon. Mahoney, P. J., Kane, Main, Mikoll and Weiss, JJ., concur.

■ In the Matter of RODNEY D. OWENS, Petitioner, v FREDERICK B. BRYANT, as Justice of the Supreme Court of the State of New York, et al., Respondents. — Application, pursuant to CPLR article 78, for judgment in the nature of prohibition and certiorari, denied, without costs, and petition dated November 6, 1981 dismissed. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. RODNEY D. OWENS, Petitioner, v ROBERT L. HOWARD, as Tompkins County Sheriff, et al., Respondents. — Application, pursuant to CPLR article 70, for release of petitioner and for admission to bail pending appeal, denied, without costs, and petition dated November 6, 1981 dismissed. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.